IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD A. FLETCHER,** | : | |
| Petitioner, | : | **CIVIL NO. 1:CV-02-0846** |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **BOARD OF PROBATION AND PAROLE -** | : | |
| **COMMONWEALTH OF PENNSYLVANIA,** | : | |
| Respondent. | : | |

## MEMORANDUM AND ORDER

**I. Background**

Richard A. Fletcher, a prisoner at the State Correctional Institution in Frackville, Pennsylvania, commenced the above-captioned action with a pro se habeas corpus petition filed pursuant to the provisions of 28 U.S.C. § 2254.  Petitioner claims that the Pennsylvania Board of Probation and Parole ("PBPP") applied amended standards to his reparole applications, in contravention of the ex post facto clause of the United States Constitution, citing Mickens-Thomas v. Vaughn, 321 F.3d 374 (3d Cir. 2003).

By Order dated August 10, 2004, the Court granted the relief sought, and remanded the case for a new reparole hearing in accordance with the standards set forth in Mickens-Thomas.  Presently before the Court is Petitioner's motion "for an order of show cause why discharge should be the relief granted" (Doc. 34).  Petitioner concedes that Respondents have granted a new reparole hearing, as directed by the Court.  However, he appears to claim that the hearing was not in accordance with the standards set forth in Mickens-Thomas, since he was again denied reparole.  The Court entered a rule upon Respondent to show cause why the requested relief (Petitioner's release from custody) should not be granted.  The motion has been briefed and is ripe for consideration.  For the reasons set forth, the requested relief will be denied.

**II.  Discussion**

In December, 1996, the Pennsylvania State Legislature amended the Pennsylvania parole law. Under the modified provisions, protection of the public safety became the primary consideration in parole decisions.  In Mickens-Thomas v. Vaughn, 321 F.3d 374, 393 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit held that the 1996 amendments to the Pennsylvania parole statute (61 P.S. § 331.1), as initially applied, violated the ex post facto clause.  The Court concluded that the PBPP interpreted the amended parole statute to "mandate foremost the consideration of public safety."  Id. at 391.  "The [PBPP] mistakenly construed the 1996 statutory change to signify a substantive change in its parole function."  Id.  Notwithstanding this conclusion, the Third Circuit also acknowledged a recent decision of the Pennsylvania Supreme Court, Winklespecht v. Pa. Bd. of Prob. & Parole, 571 Pa. 685, 813 A.2d 688 (Pa. 2002), which clarified that the amended § 331.1 did not constitute binding language requiring the PBPP to place the greatest weight on consideration of the public safety.  Id.  However, the Court concluded that the Winklespecht  decision, "made after the Board's actions on Thomas' parole, came too late to alter the Board's view of the statutory amendment on the outcome of the case."  Id. (emphasis in original).

At issue in the instant motion is Petitioner's reparole denial, recorded on September 7, 2004 (Doc. 34-3).  The September 7, 2004 decision was rendered well after the PBPP had the benefit of the Winklespecht decision, and specified the following reasons for denial of parole:

> 1) Habitual offender.
>
> 2) Unfavorable recommendation from the Department of Corrections or Board staff.

2

> 3) [Petitioner], who was returned as [a technical parole violator] in part for possessing child and other pornography contrary to instructions; has not completed the [Department of Corrections] recommended treatment program for sex offenders, and appears not to have benefitted from the programming he started but did not complete in that area. As such, his release would appear to be injurious to the interests of the Commonwealth.
>
> 4) [Petitioner's] need for treatment.
>
> 5) [Petitioner's] pailure (sic) to participate in and benefit from a treatment program for sex offenders.
>
> 6) Unfavorable recommendation from the Department of Corrections.

(Doc. 34-3 at 1-2.) In the decision, the PBPP not only stated that it took the required factors into account, but also noted the specific reasons why Petitioner had been denied parole. These reasons comport with the pre-1996 requirements of the Act. Thus, the Court concludes that the PBPP, guided by Winklespecht, returned to the pre-1996 standards for review of Petitioner's September 7, 2004 reparole application. Accordingly, the standards utilized in Petitioner's parole review comport with the standards set forth in Mickens-Thomas, they are not violative of the ex post facto clause, and Petitioner's motion will be denied without prejudice to challenge the subsequent reparole denial through a new habeas petition.

**III.   Order**

**AND NOW, THEREFORE, THIS 25th DAY OF APRIL, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Petitioner's "motion for an order of show cause why discharge should be the relief granted" (Doc. 34) is **DENIED**. The Clerk of Court is directed to close this case.

>   S/ Yvette Kane
>  YVETTE KANE
>  United States District Judge